IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MATTHEW MICHAEL CONVERSE,<br><br>Plaintiff,<br><br>vs.<br><br>TRISTAN KOHUT, et al.,<br><br>Defendants. | CV 16-00039-H-DLC-JTJ<br><br><br>FINDINGS AND RECOMMENDATIONS OF<br>UNITED STATES MAGISTRATE JUDGE |

  This matter comes before the Court on Defendants Tristan Kohut, Mark Henderson, and Connie Winner's Motion for Judgment on the Pleadings on Count 2 of the Complaint. (Doc. 16.) Defendants represent that Mr. Converse objected to the motion but he did not file a response to the motion. The motion should be granted.

  **A.  Motion to Dismiss Standard**

  Rule 12(c) of the Federal Rules of Civil Procedure provides that: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard applied to a Rule 12(c) motion for judgment on the pleadings is "substantially identical" to the standard applied to a motion to dismiss under Rule 12(b)(6). *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). "[U]nder both rules, 'a court must determine whether the

1

facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Id.* (quoting *Brooks v. Dunlop Mfg. Inc.*, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011)). "If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed or judgment granted on the pleadings." *Brooks*, 2011 WL 614912 at *3. Judgment on the pleadings is appropriate "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citing *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999)).

The Court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Meek v. Cnty of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). To survive dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B.  Allegations and Claims Presented

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 472 U.S. 432, 439 (1985) (citation omitted).  "'The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.'" *Sioux city Bridge Co. v. Dakota County*, 260 U.S. 441, 445 (1923) (citation omitted); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Conclusory allegations of discrimination are insufficient to withstand a motion to dismiss, unless the plaintiff alleges facts which may prove invidious discriminatory intent.  *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265-66 (1977).  The plaintiff must plead facts to show that the defendant "acted in a discriminatory manner and that the

discrimination was intentional." *FDIC v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991) (citations omitted). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (citations omitted).

Identifiable groups that are protected by the Equal Protection Clause include those grouped by race, religion, and national origin. *Damiano v. Florida and Probation Com'n*, 785 F.2d 929, 932-33 (11th Cir. 1986). For example, "[p]risoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

In Count 2, Mr. Converse alleges Defendants violated his right to equal protection under the Fourteenth Amendment "by refusing to treat me while providing others with similar treatments." (Doc. 2-1 at 12.) He alleges Defendants' refusal to treat his knee, to request/authorize surgery, to provide him with a brace, and to properly examine his knee when other inmates who were similarly situated and have conditions identical or similar in nature to his were

treated, given braces, and given surgeries. (Doc. 2-1 at 11-12.)

Mr. Converse has not alleged any facts that he is a member of a protected class or facts that would allow the Court to infer discriminatory intent. His factual allegations regarding not being treated the same as similarly situated inmates are "not entitled to the assumption of truth" because they "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Iqbal*, 556 U.S. at 679, 681.

As he failed to set forth a factual basis upon which to state a claim that a defendant acted with an intent or purpose to discriminate against him, Defendants' motion should be granted.

Based on the foregoing, the Court issues the following:

## RECOMMENDATION

Defendants' Motion for Judgment on the Pleadings (Doc. 16) should be GRANTED and Mr. Converse's equal protection claim alleged in Count 2 of the Complaint should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 27th day of June 2017.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.